# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## OPINIONS

### No. 747
### COLE v. JENKINS

Ohio Appeals, 8th District, Cuyahoga County
No. 4545. September 24, 1923

This opinion has not been published except in Abstract.

**5A. BILLS, NOTES AND CHECKS.**

Judgment on a note made to show to and appease stockholders, then to be cancelled, was without consideration—Judgment on reversed.

SULLIVAN, J.

Epitomized Opinion

Suit on a note for $3,300 which was executed by defendant and delivered to plaintiff's decedent for the purpose of exhibiting to and appeasing certain stockholders of a corporation. No consideration passed from the payee to the maker. The defense was no consideration and an agreement of cancellation between maker and payee. The Common Pleas directed a verdict for plaintiff. Defendant prosecuted error to this court. Held:

Since there was no consideration for the note substantial justice has not been done. The judgment is against the weight of the evidence and contrary to law. Reversed and remanded.

Attorneys—A. H. Fiebach, for defendant; J. B. Workin, for plaintiff.

### No. 748
### BLOCKBERGER et al v. MILLER

Ohio Appeals, 3rd District, Van Wert County
No. 84. Decided Feb. 8, 1923

This opinion has not been published except in Abstract.

**7. CONTRACTS.**

All questions of damages to be left to the jury to determine. The finding of the lower court as to the terms of the agreement will not be reversed in this case.

HUGHES, J.

Epitomized Opinion

This is an action for breach of contract. Plaintiff claimed that he had leased a garage to the defendants for five years and that the defendants agreed to purchase from him the tools and supplies in the building at the price to be ascertained by an inventory. Plaintiff claimed in his petition that through mutual mistakes the term of years had been left out and asks for a reformation of the contract together with the $1,000 penalty. Plaintiff also asks for specific performance on the part of the defendant. The petition contained no averment that plaintiff had suffered damage by reason of the breach. Defendant claimed that plaintiff had refused to carry out his agreement. At the trial, the defendant demanded a jury to try the whole case, but when this was refused the defendant requested that the court only submit the question of damages to the jury. The court overruled this motion and rendered a decree of reformation for the plaintiff in addition to the $1,000 penalty. The defendant prosecuted error. The Court of Appeals held:

1. As the recovery of the plaintiff was in the nature of damages, this issue was a question for the determination of the jury.

2. That the finding of the trial court that defendant had breached the contract cannot be disturbed.

Attorneys—Clem V. Hoke, for Blockberger et al; Snook & Wilcox, Conn & Wright, for Miller.

### No. 749
### DeMORE v. STATE

Ohio Appeals, 6th District, Erie County
No. 186. Decided Sept. 28, 1923

**129. CRIMINAL LAW.**

This opinion has not been published except in Abstract.

Transporting Liquors—Accused may be found guilty on uncontradicted prima facie case.

CHITTENDEN, J.

Epitomized Opinion

De More was arrested on a charge of transporting liquor. The accused drove his automobile up to a place that was being searched by the sheriff of Erie county. After learning of the presence of the officers he drove away to the woods at a very high rate of speed. He then stopped and retraced his course. The sheriff and deputies came upon him and searched both his automobile and himself, but found no liquor in his possession. He was permitted to return to the city and the officers returned to the place where the accused had retraced his course. After some examination they found a bottle of liquor hid in some bushes. At the trial the accused did not take the witness stand and offered no explanation for his hurried flight or his reason for leaving the premises which were being searched, without transacting his business there. As the case was tried without a jury, trial Judge Williams of Sandusky, Ohio, found the accused guilty and fined him $1,000. Thereupon defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the circumstances established a prima facie case against the defendant, which he failed to refute, the trial court was justified in finding the accused guilty.

Attorneys—King, Ramsey, Flynn & Pyle, for DeMore: E. C. Krueger, for State.